DEWEY ENSIGN, *Executor of the Estate of Daniel Ensign, deceased*, v. WILLIAM HART.

No. 729. (61 Pac. 823.)

1. EVIDENCE—*Suppression of Deposition—Practice.* No reversible error can be predicated on the overruling of a motion to suppress a deposition where such deposition is not offered in evidence upon the trial of the action.

2. ——— *Party's Own Witness—Surprise.* Where a party offers the testimony of a witness before the court or jury, he is bound by the testimony given by such witness, unless the witness should state things differently from what the party had reason to suppose he would at the time he called him.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed July 11, 1900. Affirmed.

*I. O. Pickering*, for plaintiff in error.
*H. L. Burgess*, for defendant in error.

The opinion of the court was delivered by

McElroy, J.: This action was commenced by Daniel Ensign against the defendant William Hart for the recovery of an amount alleged to be due upon a promissory note, upon an account, and for a loan, aggregating $248.75, with interest. Daniel Ensign died testate after the action was instituted. The action was thereafter revived in the name of Dewey Ensign, executor, who filed an amended petition, containing three counts. The first count set out a promissory note in the sum of $100, with interest, alleged to have been executed by defendant on February 7, 1897, payable to Daniel Ensign; the second set out an account for various items, amounting in the aggregate to $48.75; and the third was for an alleged loan of $100, with interest from February 6, 1897.

The defendant William Hart filed an answer containing (1) a general denial; (2) a denial of the execution of the promissory note; (3) a denial of each item and charge in the account set out as the second cause of action in the amended petition; (4) an allegation of payment; (5) an allegation that the account set out in the second cause of action in the amended petition was incorrect, unjust, untrue, and that there was nothing due thereon; and (6) a specific denial of every allegation, statement and averment in the third count of the amended petition. And for affirmative relief the defendant alleged that plaintiff was indebted to him upon an account for keeping, feeding and pasturing horses, for work and for other items, amounting in the aggregate to the sum of $140, which was

due, less the sum of $100, paid thereon on the 6th day of February, 1897; that the sum of $100, set out in the third count of the amended petition, was a payment made by Daniel Ensign on this account; and that plaintiff was indebted to defendant in the sum of $40, as a balance on the account, for which he prayed judgment.

The plaintiff, for a reply, denied the correctness of the defendant's account. The amended answer and reply were each verified.

The plaintiff before the trial dismissed the cause of action set out in the first count of his petition, which declared upon the promissory note. On the trial, after plaintiff had rested, the defendant demurred to the evidence in support of the plaintiff's second cause of action, which was sustained. The jury returned a verdict in favor of the defendant and against the plaintiff for $1.10. The plaintiff filed his motion for a new trial, which was overruled, and he, as plaintiff in error, presents the record to this court for review, alleging errors, which we will examine in order.

I. That the court erred in refusing to suppress the deposition of Howard Hastings. Prior to the trial, in pursuance of a notice served by the defendant, the clerk of the district court of Johnson county, where the action was pending, took the deposition of Howard Hastings. When the deposition was concluded, the attorneys for the respective parties agreed in the presence of the clerk that he should make and attach the proper certificate and file the deposition with the papers in the case. The officer interpreted this to mean, that the parties waived the formal sealing, addressing and transmission of the deposition to himself. The plaintiff thereafter filed his motion to suppress the deposition, for the reason that the same

was not properly sealed, addressed and transmitted to the clerk of the court. This motion was overruled, and is assigned as error. The defendant did not introduce the deposition in evidence, so that whatever error was committed in this respect by the trial court was harmless.

II. That the court erred in rejecting competent evidence offered by plaintiff. The only evidence offered by plaintiff in error that was rejected, of which complaint is made, was that of Howard Hastings, whose deposition was transmitted in this informal manner. The plaintiff in the action offered to read certain portions of this deposition, which was denied, upon objection by the defendant. The evidence offered related to certain statements and declarations made by Daniel Ensign, during his lifetime, to the witness. These declarations were hearsay and incompetent, and were properly rejected.

III. Did the court err in sustaining the demurrer to the evidence in support of the cause of action in the second count of plaintiff's petition? This contention is based upon the claim that defendant's answer admitted that he purchased the articles charged in the account. We do not so read the answer. The defendant in his verified answer denies each and every allegation in that count of the petition.

It is clear that it was the intention of the pleader to put in issue every declaration or matter stated therein. The only evidence offered as to this cause of action, was the testimony of the defendant. The plaintiff in support of this count placed the defendant upon the witness-stand. He admitted the purchase of a few of the items mentioned in the account, but declared that he paid for the same; denied the correctness of the account and all the items thereof as sued and any

indebtedness therefor. It is contended by the plaintiff in error that so much of the witness's testimony as could be construed into an admission was proof of plaintiff's account; and that all the rest of his declarations might be disregarded by the jury. This contention is not tenable. Where a party sees fit to introduce a witness, he is bound by the declarations of such witness, unless the witness should state things differently from what the party had reason to suppose he would at the time he called him. There was a total lack of evidence to support this cause of action, and the court properly sustained the demurrer.

IV. The plaintiff in error points out no incompetent testimony, either in his specifications of error or in his argument. We therefore conclude that he waives this assignment of error.

V. That the court erred in refusing to instruct the jury as requested by plaintiff. The contention here is that the court erred in refusing to submit an instruction as follows: "If the jury believe from the evidence that the $100 was loaned to the defendant, as claimed by the plaintiff, then you will compute interest thereon at the rate of six per cent. from the date of said loan to the present time." The plaintiff in his amended petition alleged that, on February 6, 1897, Daniel Ensign loaned $100 to the defendant, which sum he agreed to return in ninety days, with six per cent. interest.

The defendant concedes that he received the money on that date, but avers that it was paid to him as a part payment of the account he held against Ensign. The parties all agree that Daniel Ensign, on February 6, 1897, made his check in the sum of $100, payable to Hart, and that defendant received and cashed the check. The plaintiff, to support his contention that

it was a loan, offered Doctor Malone as a witness. This witness testified that on December 9, 1896, or January 9, 1897, he was in a room with Daniel Ensign in the presence of Hart, when he heard Ensign state that "Hart desired to borrow $100," but the witness says no loan was at that time made. No one contends that the money was delivered to Hart at an earlier date than February 6, 1897. The testimony with reference to this transaction on that date shows that the $100 was paid to the defendant in part payment of his account against Ensign. There is not one word of evidence from which the jury or court could conclude that this $100 transaction was a loan. The instruction was not warranted by the evidence, and the court properly refused the same.

VI. That the court erred in instructing the jury. Complaint is made that the court erred in submitting to the jury the first five instructions. The instructions given by the court, as a whole, fairly presented the triable issues under the evidence. The court committed no error in this respect.

VII. That the court erred in overruling plaintiff's motion for a new trial. There is nothing presented under this assignment of error in addition to what has already been noted. From what we have said, it follows that the court properly overruled the plaintiff's motion for a new trial.

The judgment will be affirmed.